UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY ELIJAH WALK,

        Petitioner,

            CASE NO. 2:13-CV-14429
v.                 JUDGE PAUL D. BORMAN
            MAGISTRATE JUDGE PAUL J. KOMIVES

THOMAS MACKIE,

        Respondent.
_____/

**REPORT AND RECOMMENDATION ON (1) PETITIONER'S HABEAS
APPLICATION (docket #1) and (2) PETITIONER'S MOTION FOR BOND (docket #11)**

*Table of Contents*

I.     RECOMMENDATION .................................................................... 2
II.    REPORT ................................................................................... 2
     A.    *Procedural History* ............................................................... 2
     B.    *Factual Background Underlying Petitioner's Conviction* .............................. 4
     C.    *Preliminary Matters* ............................................................. 5
         1.    *Statute of Limitations* ..................................................... 5
         2.    *Procedural Default* ........................................................ 9
     D.    *Standard of Review* ............................................................ 10
     E.    *Validity of Plea* ............................................................... 14
         1.    *Clearly Established Law* .................................................... 14
         2.    *Analysis* ................................................................... 15
             a. Involuntary Plea ....................................................... 15
             b. Lack of Factual Basis .................................................. 19
             c. Withdrawal ............................................................. 20
     F.    *Ineffective Assistance of Counsel* ................................................ 22
         1.    *Clearly Established Law* .................................................... 22
         2.    *Analysis* ................................................................... 25
             a. Trial Counsel .......................................................... 25
             b. Appellate Counsel ...................................................... 26
     G.    *Evidentiary Hearing* ............................................................ 26
         1.    *State Court's Failure to Hold Evidentiary Hearing* .......................... 26
         2.    *Evidentiary Hearing in this Court* ......................................... 27
     H.    *Petitioner's Motion for Bond* .................................................... 29
     I.    *Recommendation Regarding Certificate of Appealability* ............................ 32
         1.    *Legal Standard* ............................................................ 32
         2.    *Analysis* ................................................................... 33
     J.    *Conclusion* ..................................................................... 34
III.   NOTICE TO PARTIES REGARDING OBJECTIONS ...................................... 34

I.    <u>RECOMMENDATION</u>: The Court should deny petitioner's application for the writ of habeas corpus and should deny petitioner a certificate of appealability.  The Court should also deny petitioner's motion for bond.

II.    <u>REPORT</u>:

A.    *Procedural History*

    1.    Petitioner Anthony Elijah Walk is a state prisoner, currently confined at the Baraga Maximum Correctional Facility in Baraga, Michigan.

    2.    On May 27, 2008, petitioner was convicted of second degree murder, MICH. COMP. LAWS § 750.317, pursuant to his guilty plea in the Wayne County Circuit Court.  On June 12, 2008, he was sentenced to a term of 17-30 years' imprisonment.  Petitioner subsequently filed a motion to withdraw his plea, which the trial court denied on February 6, 2009

    3.    Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals raising, through counsel, the following claim:

> THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO WITHDRAW HIS PLEA WHEN DEFENDANT WAS NOT GUILTY OF THE OFFENSE AND THERE WOULD HAVE BEEN NO PREJUDICE TO THE PROSECUTION.

The court of appeals denied petitioner's application in a standard order, "for lack of merit in the grounds presented."  *See People v. Walk*, No. 290334 (Mich. Ct. App. Mar. 19, 2009) (per curiam).

    4.    Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the claim that he raised in the court of appeals, as well as claims that his plea was involuntary and illusory.  The Supreme Court denied petitioner's application for leave to appeal in a standard order.  *See People v. Walk*, 485 Mich. 864, 771 N.W.2d 781 (2009).

    5.    On December 14, 2009, petitioner filed a motion for relief from judgment in the trial

2

court pursuant to MICH. CT. R. 6.500-.508, raising the following claims:

    I.      CONSTITUTIONAL ERROR OCCURRED UNDER THE 5TH AND 14TH AMENDMENTS WHEN THE DEFENDANT WAS PROSECUTED ON A PLEA TO SECOND DEGREE MURDER WHEN NO ELEMENTS OR EVIDENCE HAS BEEN OFFERED BY THE PROSECUTOR.

    II.      THE DEFENSE COUNSEL PERFORMANCE WAS CONSTITUTIONALLY DEFICIENT UNDER THE 6TH AND 14TH AMENDMENT WHEN A PROMISE TO DEFENDANT THAT THE PLEA WOULD CONSIST OF ASSAULT AND BATTERY, OR NO MORE THAN INVOLUNTARY MANSLAUGHTER RENDERED THE GUILTY PLEA UNKNOWING AND INVOLUNTARY WHEN DEFENDANT PLEA [sic] GUILTY TO SECOND DEGREE MURDER TOTALLY OPPOSITE OF THE DEFENSE COUNSEL PROMISE.

    III.      APPELLANT COUNSEL PERFORMANCE WAS CONSTITUTIONALLY DEFICIENT UNDER THE 6TH AND 14TH AMENDMENT WHEN HE DID NOT OBJECT TO THE PROSECUTOR ARGUMENT AND FAILED TO RAISE THE OBVIOUS ISSUE OF INEFFECTIVE ASSISTANCE OF COUNSEL.

    IV.      CONSTITUTIONAL ERROR ACCRUED UNDER THE 5TH AND 14TH AMENDMENTS WHEN THE DEFENDANT PLEA OF GUILTY IS INVALID BECAUSE THE BARGAIN IS ILLUSORY.

    V.      CONSTITUTIONAL ERROR OCCURRED UNDER THE 14TH AMENDMENT WHEN THE DEFENDANT WAS DIRECTLY DENIED ANY OPPORTUNITY IN THE TRIAL COURT FOR A[N] EVIDENTIARY HEARING.

On May 10, 2010, the trial court denied petitioner's motion for relief from judgment, concluding that petitioner's claims were without merit, and that he therefore could not establish cause and prejudice for his failure to raise the claims on direct appeal as required by MICH. CT. R. 6.508(D)(3). The Michigan Court of Appeals and Michigan Supreme Court denied petitioner's applications for leave to appeal in standard orders. *See People v. Walk*, 491 Mich. 855, 809 N.W.2d 576 (2012); *People v. Walk*, No. 300722.

    6.      Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus

3

on October 22, 2013.  As grounds for the writ of habeas corpus, he raises the claims that he raised in his motion for relief from judgment.

7.      Respondent filed his answer on April 28, 2014.  He contends that petitioner's application is untimely, and that his claims are both procedurally defaulted and without merit.

8.      Petitioner filed a reply to respondent's answer on June 16, 2014.

B.      *Factual Background Underlying Petitioner's Conviction*

Petitioner was charged with first degree murder arising from the January 3, 2008, beating death of Merl Stafford in Detroit.  Petitioner was charged along with two codefendants, Marcus Simmons and LaDorian Sanders.  Sanders entered into a plea agreement with the prosecution, and testified against petitioner at the preliminary examination.  He testified that on the evening in question, the three were at petitioner's house when the victim, whom he did not know, came to the door.  Petitioner started hitting the victim, and Sanders and Simmons joined in.  The three repeatedly punched and kicked the victim until he was unconscious.  Petitioner instructed Sanders and Simmons to help him move the body out of his house and across the street, to the rear of an abandoned house.  When they arrived, petitioner hit the victim in the head with a shovel.

On May 27, 2008, petitioner and the prosecutor entered into a plea agreement.  Pursuant to the agreement, petitioner agreed to plead guilty to a lesser charge of second degree murder, with a sentence agreement of 17-30 years' imprisonment.  Petitioner indicated that he understood the agreement, denied that anybody had made any other promises or agreements.  *See* Plea Tr., at 6-7. The court informed petitioner of the rights he was waiving by pleading guilty, and petitioner indicated that he understood his rights and that he was waiving them by pleading guilty.  *See id*. at 7-8.  Petitioner denied that anybody had coerced or threatened him into pleading guilty.  *See id*. at

4

8.  After establishing a factual basis for the plea, the court accepted the plea.  *See id*. at 9.  The trial

court sentenced petitioner to a term of 17-30 years' imprisonment, in accordance with the plea

agreement.  Petitioner subsequently filed a motion to withdraw the plea, arguing that there was no

factual basis for the plea because his statements at the hearing did not establish that he acted with

malice aforethought and that the plea was not knowingly made.  The trial court denied the motion.

C.  *Preliminary Matters*

Before addressing the merits of petitioner's claims, I consider respondent's arguments that

petitioner's application is barred by the statute of limitations, and that his claims are procedurally

defaulted.

1.  *Statute of Limitations*

The habeas statute provides, in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).[1]

---

[1]The AEDPA codified a one-year statute of limitations provision for motions to vacate federal convictions brought under 28 U.S.C. § 2255 which is nearly identical to the one found in § 2244(d)(1).  *See* 28 U.S.C. § 2255 para. 6.  Accordingly, cases discussing the § 2255 statute of limitations are

As the language of the statute indicates, there are four possible dates on which the limitations period may begin to run.  Under the default provision of subparagraph (A),

> a judgment of conviction does not become "final" . . . until the Supreme Court affirms the conviction and sentence on the merits or denies a timely filed petition for certiorari.
> In addition, if a defendant does not file a certiorari petition, the judgment of conviction does not become "final" until the time for seeking certiorari review expires.

*Kapral v. United States*, 166 F.3d 565, 570-71 (3d Cir. 1999); *see also*, *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997) (conviction became final upon denial of certiorari); *Torres v. Irvin*, 33 F. Supp. 2d 257, 271 (S.D.N.Y. 1998) ("[A] judgment of conviction only becomes final upon the expiration of the ninety days to seek a writ of certiorari from the United States Supreme Court."); *United States v. Dorsey*, 988 F. Supp. 917, 918 (D. Md. 1998) (same); *cf. Penry v. Lynaugh*, 492 U.S. 302, 314 (1989) (for purpose of determining whether application of new rule of law would be an impermissible retroactive application to a case which has already become final, conviction becomes final upon denial of the defendant's petition for certiorari); *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.").

Here, petitioner's conviction became final when the 90 day period for seeking *certiorari* in the United States Supreme Court following the Michigan Supreme Court's denial of his application for leave to appeal expired.  That period expired on December 10, 2009, and the limitations period commenced the following day, December 11, 2009.  On December 14, 2009, petitioner filed his

---

applicable here.

motion for relief from judgment in the trial court, tolling the limitations clock under § 2244(d)(2). The clock restarted on June 26, 2012, following the Michigan Supreme Court's denial of petitioner's application for leave to appeal in connection with the motion for relief from judgment. At that point, petitioner had 362 days remaining on the limitations clock, and his habeas application was therefore due no later than June 22, 2013. Because petitioner's application was not filed until October 9, 2013, respondent argues, it is untimely.[2]

Petitioner, with some evidentiary support, claims that his petition was completed in February 2013, and given to an appropriate prison official for mailing in early March 2013. As noted above, *see supra* note 2, petitioner's application is deemed filed on the date he gives it to prison officials for mailing, and thus petitioner contends that the application is timely. In June 2013, petitioner sent a letter to the court inquiring about his habeas application. The Clerk docketed this letter as a habeas petition and assigned it a case number (No. 13-CV-12603) on June 13, 2013. On July 23, 2013, Judge Drain summarily dismissed that case without prejudice, because there was no pending habeas application before the Court. On September 27, 2013, petitioner filed a motion for equitable tolling and a habeas application in Case No. 13-CV-12603. No further action has been taken on that motion or petition. Subsequently, petitioner filed the present application in this case. Respondent treats the issue as one involving equitable tolling, and contends that petitioner's delay of two months between the time Judge Drain dismissed his application and petitioner's filing of a motion for equitable tolling exhibits a lack of diligence such that equitable tolling is not appropriate. Because the merits

---

[2]Although petitioner's application is file-stamped October 22, 2013, it is well-established that a habeas petition is deemed "filed" for purposes of the statute of limitations on the date the petitioner gives his motion to prison officials for mailing. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Beckovich v. Coyle*, 22 F. Supp. 2d 722, 723 (N.D. Ohio 1998); *cf. Houston v. Lack*, 487 U.S. 266, 270 (1988). Petitioner's application is signed and dated October 9, 2013.

7

are more readily resolved than this limitations issue, the Court should decline to dismiss the petition on limitations grounds.

Here, the statute of limitations question is not easily resolved. First, it is not clear that respondent is correct in treating this issue as one involving equitable tolling. As noted above, petitioner's application is deemed filed, for limitations purposes, on the date it was given to prison officials for mailing. If petitioner gave a copy of the instant petition to prison officials for mailing in March 2013, then his application is deemed filed on that date, and there is no need to apply equitable tolling. Determining whether the petition was in fact given to prison officials on that date, however, would require further factual development, likely involving an evidentiary hearing. Further, even if viewed as an equitable tolling issue, it is far from certain that petitioner would not be entitled to equitable tolling. To be entitled to equitable tolling of the limitations period, petitioner "must show '(1) that he had been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)); *see also*, *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). Respondent asserts that the two month delay between Judge Drain's dismissal of the prior case and petitioner's filing of a motion for equitable tolling exhibits a lack of diligence. It is far from clear that this is so. *Cf. Granger v. Hurt*, 90 Fed. Appx. 97, 100 (6th Cir. 2004) (delay of two months in inquiring about status of appeal not beyond exercise of due diligence for purposes of delayed starting under § 2244(d)(1)(D)); *Lewis v. Mitchell*, 173 F. Supp. 2d 1057, 1062 (C.D. Cal. 2001) (two month delay between petitioner belatedly learning of denial of state habeas petition and his filing of federal habeas petition did not demonstrate lack of diligence).

While as a general rule the issue of whether a claim is procedurally barred should ordinarily

8

be resolved first, "judicial economy sometimes dictates reaching the merits [of a claim or claims] if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated." *Barrett v. Acevedo,* 169 F. 3d 1155, 1162 (8th Cir. 1999) (internal citations omitted). Because the statute of limitations does not constitute a jurisdictional bar to habeas review, a federal court, can, in the interest of judicial economy, proceed to the merits of a habeas petition. *See Smith v. State of Ohio Dept. of Rehabilitation,* 463 F. 3d 426, 429 n. 2 (6th Cir. 2006) (quoting *Trussell v. Bowersox,* 447 F. 3d 588, 590 (8th Cir. 2006)).  Because the limitations issue in this case is difficult, and as explained below petitioner's claims are without merit, the Court should simply deny the petition on the merits.  *See Ahart v. Bradshaw,* 122 Fed. Appx. 188, 192 (6th Cir. 2005).

2. *Procedural Default*

Respondent also contends that petitioner's claims are barred by his procedural default in the state courts.  The Court should likewise decline to dismiss petitioner's claims on this basis.  Even if petitioner's claims are defaulted, petitioner may have his defaulted claims reviewed on the merits if he is able to establish cause for, and prejudice attributable to, his default.  *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Maples v. Stegall*, 340 F.3d 433, 438 (6th Cir. 2003).  With respect to each claim petitioner raises, he contends that appellate counsel was ineffective.  If petitioner's position is correct, counsel's ineffectiveness may constitute cause to excuse any procedural default.  *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  Consideration of counsel's effectiveness, however, depends in part on consideration of petitioner's underlying claims.  Given that the cause and prejudice inquiry merges with an analysis of the merits of petitioner's defaulted claims, it is better to simply consider the merits of these claims, even if they are defaulted.  *See Jamison v. Collins*, 100 F. Supp. 2d 647, 676

9

(S.D. Ohio 2000); *Watkins v. Miller*, 92 F. Supp. 2d 824, 832 (S.D. Ind. 2000); *cf. Strickler v. Greene*, 527 U.S. 263, 282 (1999) (considering merits of petitioner's habeas claims where inquiry into the merits mirrored cause and prejudice inquiry).

D.    *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> 
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> 
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535

10

U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409. As the Supreme Court has explained, the standard for relief under § 2254(d) "is difficult to meet, [and] that is because it was meant to be." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). As the Court explained, "[s]ection 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice system,' not a substitute for ordinary error correction through appeal." *Id*. (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in the judgment)). Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 786-87.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court

decision.'  In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).  The relevant "clearly established law" is the law that existed at the time of the last state court decision to issue a reasoned decision on the claim, *see Greene v. Fisher*, 132 S. Ct. 38, 44-45 (2011), and in evaluating the reasonableness of that decision a federal habeas court is limited to the record that was before the state court at the time of its decision, *see Cullen v. Pinholster*, 131 S. Ct. 1388, 1398-99 (2011).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16.  Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue.  *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

This deferential standard of review applies even though the Michigan Court of Appeals denied petitioner's direct appeal claim in an unreasoned order, and the trial court applied a procedural bar to petitioner's postconviction relief claims.  As the Supreme Court has explained, an unexplained summary order by a state court is presumed to be a rejection of the claims on the merits,

and the petitioner bears the burden of demonstrating that the rejection was on some basis other than the merits. *See Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011). Here, there is no indication that the Michigan Court of Appeals denied petitioner's applications for leave to appeal on any basis other than the merits. On the contrary, the court of appeals explicitly stated that its denials were "for lack of merit in the grounds presented," and the Michigan Court of Appeals has repeatedly held a denial on this basis is "a determination on the merits of the case." *Attorney Gen'l ex rel. Dep't of Treasury v. Great Lakes Real Estate Investment Trust*, 77 Mich. App. 1, 3, 257 N.W.2d 248, 249 (1977); *accord Hoye v. DMC/WSU*, No. 285780, 2010 WL 334833, at *1 (Mich. Ct. App. Jan. 28, 2010) (per curiam); *McCabe v. Miller & Assocs., L.L.P.*, No. 275498, 2007 WL 2935032, at *3 (Mich. Ct. App. Oct. 9, 2007) (per curiam); *People v. Douglas*, 122 Mich. App. 526, 530, 332 N.W.2d 521, 523 (1983). Accordingly, the Michigan Court of Appeals's denial of petitioner's application for leave to appeal "for lack of merit in the grounds presented" constitutes an adjudication on the merits for purposes of § 2254(d). *See Snyder v. Lafler*, No. 09-13773, 2011 WL 309056, at *3 (E.D. Mich. Jan. 27, 2011) (Roberts, J.).

With respect to petitioner's postconviction relief claims, the trial court addressed and rejected each claim in the merits in determining whether petitioner could establish actual prejudice to overcome the procedural bar under Rule 6.508(D)(3). Where a state court addresses the merits as an alternative ground for decision notwithstanding its application of a procedural bar, the alternative merits adjudication is considered "on the merits" for purposes of § 2254(d) and is entitled to deference under the AEDPA. *See Brooks v. Bagley*, 513 F.3d 618, 624-25 (6th Cir. 2008); *see also*, *Rolan v. Coleman*, 680 F.3d 311, 319-20 (3d Cir. 2012) (citing cases). Similarly, where a state court considers and decides the merits of a claim as part of its procedural default analysis, AEDPA

13

deference applies.  *See Jermyn v. Horn*, 266 F.3d 257, 279 n.8 (3d Cir. 2001).  Accordingly, the

AEDPA standard of review is applicable to petitioner's claims.

E.      *Validity of Plea*

      1.      *Clearly Established Law*

A plea of guilty is valid if it is entered voluntarily and intelligently, as determined under the

totality of the circumstances.  *See Brady v. United States*, 397 U.S. 742, 748-49 (1970); *King v.*

*Dutton*, 17 F.3d 151, 153 (6th Cir. 1994).  The Constitution requires, for a plea to be valid, that the

defendant be informed of all direct consequences of his plea.  *See Brady*, 397 U.S. at 755; *King*, 17

F.3d at 153.  A solemn declaration of guilt by the defendant carries a presumption of truthfulness.

*See Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Henderson v. Morgan*, 426 U.S. 637, 648 (1976).

"The subsequent presentation of conclusory allegations unsupported by specifics is subject to

summary dismissal, as are contentions that in the face of the record are wholly incredible."

*Blackledge*, 431 U.S. at 74.  Where the defendant "was fully aware of the likely consequences when

he pleaded guilty[,] it is not unfair to expect him to live with those consequences[.]"  *Mabry v.*

*Johnson*, 467 U.S. 504, 511 (1984).  Thus,

> [i]t is well settled that a voluntary and intelligent plea of guilty made by an accused
> person, who has been advised by competent counsel, may not be collaterally
> attacked.  It is also well settled that plea agreements are consistent with the
> requirements of voluntariness and intelligence--because each side may obtain
> advantages when a guilty plea is exchanged for sentencing concessions, the
> agreement is no less voluntary than any other bargained-for exchange.

*Id*. at 508 (footnotes omitted).  Petitioner does not contend that he was coerced into pleading guilty

or that the decision was not his own, nor could he given that he stated at the plea hearing that he had

not been threatened or coerced into pleading guilty.  *See Blackledge*, 431 U.S. at 74 ("Solemn

declarations in open court carry a strong presumption of verity.  The subsequent presentation of

14

conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.").  As a number of Judges of this Court have observed:

> When a petitioner brings a federal habeas petition challenging his plea of guilty (or no contest), the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness. Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. . . . Additionally, a habeas petitioner bears a heavy burden of rebutting the presumption that his or her guilty plea, as evidenced by the plea colloquy, is valid.

*Shanks v. Wolfenbarger*, 387 F. Supp. 2d 740, 749 (E.D. Mich. 2005) (Gadola, J.) (citations omitted); *accord Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 651-52 (E.D. Mich. 2002) (Friedman, J.); *Hastings v. Yukins*, 194 F. Supp. 2d 659, 669 (E.D. Mich. 2002) (Cleland, J.); *Holtgreive v. Curtis*, 174 F. Supp. 2d 572, 586 (E.D. Mich. 2001) (Hood, J.); *Myers v. Straub*, 159 F. Supp. 2d 621, 626 (E.D. Mich.2001) (Steeh, J.).  In short where, as here, "the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry." *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) (internal quotation omitted).

    2.    *Analysis*

*a. Involuntary Plea*

Petitioner contends that his plea was involuntary because he thought he was pleading guilty to either assault and battery or involuntary manslaughter.  He supports this claim with his own affidavit and the affidavit of his family members.  This claim is without merit.  The plea colloquy clearly shows that petitioner was advised that he was pleading guilty to a charge of second degree murder, with a sentence agreement of 17-30 years.  Petitioner indicated that he understood the agreement, and denied that anyone had made any other promises or deals.  *See* Plea Tr., at 6-7.

15

Petitioner also executed a written settlement notice, which clearly indicated the charge to which petitioner was pleading guilty.  As noted above, where "the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry." *Ramos*, 170 F.3d at 566; *Blackledge*, 431 U.S. at 74 ("Solemn declarations in open court carry a strong presumption of verity.").  Petitioner's "self-serving affidavit and the affidavits of members of his family," standing alone, "are insufficient as a matter of law to overcome the presumption of verity ascribed to his statements in open court.  To hold otherwise is to eviscerate the import of the plea hearing." *Restucci v. Spencer*, 249 F. Supp. 2d 33, 45-46 (D. Mass. 2003).

Petitioner also contend that his plea was involuntary because the trial judge participated in the plea bargaining process.  Again, the record belies this claim.  At the start of the plea hearing, the following exchange occurred:

| | |
|---|---|
| MS. KETTLER: | Your Honor, we had previously made an offer to Mr. Walk of 20 to 40.  It is my understanding we had gone through this process that today would be the last day for a plea.  His attorney has talked with me about possibly a further reduction in that offer. |
| | We have agreed to an offer of 17 to 30 on a murder two plea.  This is the last day any plea will be accepted from Mr. Walk.  If he gets – I think that has been clear throughout and that remains the situation at this point. |
| MR. REID: | May it please the Court, your Honor, I did have an opportunity to discuss all the matters that were mentioned by the prosecution with my client.  I did mention also to the prosecution that my client wanted to speak to his family. |
| | I did talk to his family, and they are supposed to be here.  They are not here as of yet.  I ask for 24 hours.  I understand the prosecutor, and they are saying the offer is only good for today. |
| | So we're in somewhat of a dilemma in that particular regard. |
| THE COURT: | Can I ask both sides to approach? |

16

(Whereupon a sidebar conference was held.)

THE COURT:    Mr. Walk, step up if you would please.  I had a sidebar discussion with your attorney, Mr. Reid, as well as the prosecutor, Ms. Kettler.
                        What we're going to do, we're going to pass your matter this morning. Mr. Reid is going to make an additional attempt to find out about when your family is going to be down here.  When they get down here, we will give you an opportunity to talk with them.
                        Okay?

DEFENDANT:    Yes.

THE COURT:    And that Mr. Reid will come back along with the prosecutor sometime later this morning or early this afternoon, and we'll see what we can do to resolve this matter.  Okay.  That way you make your choice.  You let us know how you want to proceed.

Plea Tr., at 3-5.  Petitioner argues that the sidebar conference shows that the trial judge participated

in the plea bargaining process.  This argument is without merit.

At the time of the sidebar conference, the prosecution had already made, and petitioner had

already rejected, the 20-40 year offer.  And the prosecutor had already made the 17-30 year offer

to which petitioner eventually pleaded guilty.  The sidebar conference was conducted solely to

address defense counsel's concern that the prosecutor's offer would expire before petitioner could

discuss the matter with his family, as petitioner desired.  From the record, it appears that the court's

involvement was limited to discussing with counsel the possibility of getting petitioner's family to

the court that day, and continuing the proceedings later in the day.  A federal court should only "'set

aside a state court plea bargain if persuaded that the trial judge's participation denied the defendant

due process of law by causing him not to understand the nature of the charges against him or the

consequences of the guilty plea, or if the judge's participation coerced the defendant to enter into

17

a plea involuntarily.'" *Miles v. Dorsey*, 61 F.3d 1459, 1467 (10th Cir. 1995). *Miles*, 61 F.3d at 1467 (quoting *Damiano v. Gaughan*, 592 F. Supp. 1222, 1225 (D. Mass. 1984), *aff'd*, 770 F.2d 1 (1st Cir. 1985)). The trial court's involvement, limited to ensuring that petitioner had adequate time to consult with his family, in no way coerced petitioner into entering a plea. Accordingly, petitioner is not entitled to habeas relief on this claim.

Petitioner also contends that his plea is invalid because it resulted from an illusory plea bargain. This claim is without merit. An illusory plea bargain is one which offers no real benefit to the defendant. *See United States v. Randolph*, 230 F.3d 243, 250-51 (6th Cir. 2000). A plea is not illusory where the defendant "received a real, tangible benefit in consideration for the plea." *Jones v. Prelesnik*, No. 2:08–CV–14126, 2011 WL 1429206, at * (E.D. Mich. Apr. 14, 2011) (Zatkoff, J.) (citing *Daniel v. Overton*, 845 F. Supp. 1170, 1174 (E.D. Mich.1994)). Here, petitioner faced a first degree murder charge carrying a mandatory sentence of life imprisonment without the possibility of parole. *See* MICH. COMP. LAWS § 750.316. Even if convicted of only second degree murder, petitioner still faced a potential sentence of up to life imprisonment. *See* MICH. COMP. LAWS § 750.317. Thus, the bargain allowing a second degree murder plea with a sentence agreement of 17-30 years' imprisonment gave petitioner a "real, tangible benefit" in exchange for his plea.

Finally, petitioner's plea is not rendered involuntary or illusory based on his claim that the prosecutor improperly charged him with first degree murder. As the Supreme Court has explained, a guilty plea is not "compelled and invalid under the Fifth Amendment whenever motivated by the defendant's desire to accept the certainty or probability of a lesser penalty rather than face a wider range of possibilities extending from acquittal to conviction and a higher penalty authorized by law

18

for the crime charged." *Brady*, 397 U.S. at 751. The Court in *Brady* did explicitly "make no reference to the situation where the prosecutor or judge, or both, deliberately employ their charging and sentencing powers to induce a particular defendant to tender a plea of guilty," *id*. at 751 n.8, but there is no evidence that the prosecutor deliberately employed his charging discretion to induce petitioner's plea. "[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file . . . generally rests entirely in [the prosecutor's] discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). Here, petitioner's codefendant testified at the preliminary examination that petitioner immediately assaulted the victim when he came to petitioner's door, petitioner directed the codefendants to move the victim across the street behind a vacant house, and once there hit the victim in the head with a shovel. Regardless of whether the prosecution could have proved first degree murder beyond a reasonable doubt at trial, these facts provided probable cause to believe that petitioner premeditated and deliberated the murder. Accordingly, petitioner is not entitled to habeas relief on this claim.

### b. Lack of Factual Basis

Petitioner also argues that his plea is invalid because the prosecution failed to present any evidence or establish any elements of the offense. This claim is without merit. As another Judge of this Court has explained:

> A guilty or no-contest plea, however, involves a waiver of many constitutional rights, including the right to a trial where the prosecution has the burden of proving guilt beyond a reasonable doubt, the right to confront adverse witnesses, and the right to present evidence in one's defense. *See Fautenberry v. Mitchell*, 515 F.3d 614, 636 (6th Cir. 2008) (citing *Boykin v. Alabama,* 395 U.S. 238, 243 (1969)). Consequently, there is no constitutional requirement that the prosecution prove the guilt of a defendant who pleads guilty–and a defendant who pleads guilty waives any objection to the sufficiency of the evidence. *Post v. Bradshaw*, 621 F.3d 406, 426-27

19

(6th Cir. 2010).

*Stevens v. Berghuis*, No. 2:10-CV-13978, 2012 WL 5990215, at \*5 (E.D. Mich. Nov. 30, 2012); *see also*, *Thundershield v. Solem*, 565 F.2d 1018, 1024 (8th Cir. 1977) (petitioner's "plea of guilty operated to relieve the prosecution of its burden of proving each element of the charge beyond a reasonable doubt.").

To the extent petitioner contends the trial court failed to establish a factual basis for his plea, this claim is not cognizable on habeas review.  "[T]he requirement that a sentencing court must satisfy itself that a sufficient factual basis supports the guilty plea is not a requirement of the Constitution." *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995). "Violations of state law and procedure that do not infringe specific federal constitutional protections are not cognizable claims under § 2254." *Estelle v. Mcguire*, 502 U.S. 62, 67-68 (1991). Because the writ of habeas corpus exists only to correct errors of federal law, a state court's failure to elicit a factual basis for a guilty plea does not state a claim cognizable on habeas review. *See United States v. McGlocklin*, 8 F.3d 1037, 1047 (6th Circ. 1993) (en banc); *Willbright v. Smith*, 745 F.2d 779, 780 (2d Cir. 1984); *Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir. 1975); *Coddington v. Langley*, 202 F. Supp. 2d 687, 702 (E.D. Mich. 2002) (Tarnow, J.).  Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

### c.  Withdrawal

Petitioner also contends that the trial court erred in denying his motion to withdraw his plea. and in failing to hold an evidentiary hearing in connection with that motion.  The Court should conclude that petitioner is not entitled to habeas relief on these claims.

Federal habeas courts have no authority to interfere with perceived errors in state law unless

the petitioner is denied fundamental fairness in the trial process. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Serra v. Michigan Dep't of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). A criminal defendant has no constitutional right to withdraw a validly and voluntarily entered guilty plea. *See Chene v. Abramajtys*, No. 95-1491, 1996 WL 34902, at *2 (6th Cir. Jan. 29, 1996); *Metcalf v. Bock*, No. 00-10361-BC, 2002 WL 31749157, at *5 (E.D. Mich. Dec. 5, 2002) (Lawson, J.); *Freeman v. Muncy*, 748 F. Supp. 423, 429 (E.D. Va. 1990); *Williams v. Smith*, 454 F. Supp. 692, 696 (W.D.N.Y. 1978), *aff'd*, 591 F.2d 169 (2d Cir. 1979). Thus, the trial court's failure to allow petitioner to withdraw his plea under the governing state court rules does not state a cognizable basis for habeas relief. Nor does petitioner's assertion of innocence after the plea was entered render involuntary his otherwise valid plea. As another court observed long ago, there are "no cases which hold that denial of guilt, under oath, subsequent to the entry of a guilty plea but prior to sentencing renders the plea involuntary as a matter of constitutional law." *Hansen v. Mathews*, 296 F. Supp. 1398, 1331 (E.D. Wis. 1969), *aff'd*, 424 F.2d 1205 (7th Cir. 1970). Although *Hansen* was decided over forty years ago, this observation holds true today. It is well established that "factual guilt or innocence . . . is irrelevant to the question of whether [a defendant's] plea was voluntary." *United States ex rel. Smith v. Johnson*, 403 F. Supp. 1381, 1397 n.28 (E.D. Pa. 1975), *aff'd*, 538 F.2d 322 (3d Cir. 1976); *see also*, *Stewart v. Peters*, 958 F.2d 1379, 1385 (7th Cir. 1992) ("A guilty plea is no more involuntary because the defendant believes he is innocent than the settlement of a civil lawsuit is involuntary because the defendant refuses to admit liability and may believe in all sincerity that he is not liable in the least."). Indeed, the Supreme Court has explicitly held that a criminal defendant may constitutionally enter a guilty plea even while protesting his innocence or declining to admit his commission of the crime. *See  North Carolina v. Alford*, 400 U.S. 25, 37-38

(1970). "Because a trial court may accept a guilty plea even when it is coupled with a claim of innocence, a fortiori a court is not required to permit withdrawal of that plea merely because a defendant belatedly asserts his innocence." *Gunn v. Kuhlman*, 479 F. Supp. 338, 344 (S.D.N.Y. 1979) (footnotes omitted). Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

F.    *Ineffective Assistance of Counsel*

Petitioner also contends that his trial and appellate attorneys were constitutionally ineffective. The Court should conclude that petitioner is not entitled to habeas relief on these claims.

1.    *Clearly Established Law*

The Sixth Amendment right to counsel and the right to effective assistance of counsel protect the fundamental right to a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish the ineffective assistance of counsel, petitioner must show that: (1) counsel's errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) counsel's deficient performance prejudiced the defense. *Id*. at 687. These two components are mixed questions of law and fact. *Id*. at 698. Further, "[t]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. If "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.* With respect to the performance prong of the *Strickland* test, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance. *See id*. at 689; *see also O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). "[D]efendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered

22

sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. With respect to the prejudice prong, the reviewing court must determine, based on the totality of the evidence before the factfinder, "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id*. at 695. It is petitioner's burden to establish the elements of his ineffective assistance of counsel claim. *See United States v. Pierce*, 63 F.3d 818, 833 (6th Cir. 1995) (petitioner bears the burden of establishing counsel's ineffectiveness); *Lewis v. Alexander*, 11 F.3d 1349, 1352 (6th Cir. 1993) (same).

As the Supreme Court has recently explained, *Strickland* establishes a high burden that is difficult to meet, made more so when the deference required by § 2254(d)(1) is applied to review a state court's application of *Strickland*:

> "Surmounting Strickland's high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. ----, ----, 130 S.Ct. 1473, 1485, 176 L.Ed.2d 284 (2010). An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the Strickland standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve. *Strickland*, 466 U.S., at 689-690, 104 S.Ct. 2052. Even under *de novo* review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." *Id*., at 689, 104 S.Ct. 2052; *see also Bell v. Cone*, 535 U.S. 685, 702, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002); *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. *Strickland*, 466 U.S., at 690, 104 S.Ct. 2052.

*Harrington v. Richter*, 131 S. Ct. 770, 788 (2011).

The Sixth Amendment right to counsel extends to the plea bargaining process, and thus "[d]uring plea negotiations defendants are 'entitled to the effective assistance of competent counsel.'" *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)) "'[T]he two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel.'" *Id.* (quoting *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)); *see also*, *Missouri v. Frye*, 132 U.S. 1399, 1406 (2012). However, the *Strickland* standard is particularly rigorous in the plea bargaining context. Because "[p]lea bargains are the result of complex negotiations suffused with uncertainty . . . [in which] defense attorneys must make careful strategic choices in balancing opportunities and risks," "strict adherence to the *Strickland* standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage." *Premo v. Moore*, 131 S. Ct. 733, 741 (2011). Further, to demonstrate prejudice as a result of counsel's performance with respect to the entry of a guilty plea, petitioner must "demonstrate 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Id.* at 743 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

With respect to appellate counsel, it is well established that "appellate counsel . . . need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith v. Robbins*, 528 U.S. 259, 288 (2000) (citing *Jones v. Barnes*, 463 U.S. 745 (1983)). Although it is "possible to bring a *Strickland* claim based on counsel's failure to raise a particular claim, . . . it is difficult to demonstrate that counsel was incompetent." *Id.* As a general rule, it is "'only when ignored issues are clearly stronger than those presented [that] the presumption of effective assistance of counsel [can] be overcome.'" *Id.* (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)). Further, in the appellate counsel context, to

24

demonstrate prejudice petitioner must show a reasonable probability that his claims would have succeeded on appeal. *See id*. at 285-86; *Benning v. Warden*, 345 Fed. Appx. 149, 155-56 (6th Cir. 2009); *McCleese v. United States*, 75 F.3d 1174, 1180 (7th Cir. 1996).

      2.    *Analysis*

### a. Trial Counsel

Petitioner contends that his trial counsel was ineffective for improperly advising him that he would be pleading guilty to only manslaughter, not second degree murder. As explained above, petitioner's affidavits in support of this claim are insufficient to overcome petitioner's statements at the plea colloquy that he had received no other promises or deals in exchange for his plea. Moreover, even if counsel did so misadvise petitioner, the trial judge explained to petitioner the charge to which he was pleading guilty and petitioner indicated that he understood the charge to which he was pleading guilty, and the charge was explicitly set forth in the written settlement agreement. Thus, the trial judge's statements at the plea colloquy cured any erroneous advice given by counsel. *See United States v. Wilson*, 245 Fed. Appx. 10, 11-12 (11th Cir. 2007) (per curiam); *United States v. Shedrick*, 493 F.3d 292, 300 (3d Cir. 2007); *Ramos*, 170 F.3d at 565.

Petitioner also contends that counsel was ineffective for failing to investigate. However, petitioner merely asserts that counsel failed to conduct an adequate investigation and that a proper investigation would have uncovered beneficial evidence; he does not suggest any specific exculpatory information counsel could have uncovered, nor does he provide any basis to conclude that the results of counsel's investigation could have affected his decision to plead guilty. As noted above, "it is petitioner's burden to establish the elements of his ineffective assistance of counsel claim." *Pierce*, 63 F.3d at 833. Thus, "[a] defendant who alleges a failure to investigate on the part

of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). Because petitioner has failed to do so, he is not entitled to habeas relief on this claim.

### b. Appellate Counsel

Petitioner also contends that appellate counsel was ineffective for failing to raise on direct appeal each of the claims that he raised in his motion for relief from judgment. As explained above, each of petitioner's claims is without merit. Thus, he cannot show that counsel was deficient for failing to raise these claims, or that he was prejudiced by counsel's failure to do so. Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

### G. *Evidentiary Hearing*

Petitioner also contends that the trial court erred in denying an evidentiary hearing, and that he is entitled to an evidentiary hearing in this Court. The Court should reject these claims.

### 1. *State Court's Failure to Hold Evidentiary Hearing*

To the extent petitioner contends he is entitled to habeas relief based on the state court's failure to conduct an evidentiary hearing, petitioner's claim is not cognizable on habeas review. Nothing in the Constitution requires a state to establish a system of postconviction review, and thus "an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition." *Gee v. Groose*, 110 F.3d 1346, 1351-52 (8th Cir. 1997) (internal quotation omitted); *accord Dawson v. Snyder*, 988 F. Supp. 783, 826 (D. Del. 1997) (citing *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) and *Duff-Smith v. Collins*, 973 F.2d 1175, 1182 (5th Cir. 1992)). As the Sixth Circuit has explained:

> [T]he Sixth Circuit has consistently held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review. *See Kirby v.*

26

*Dutton*, 794 F.2d 245, 246-47 (6th Cir.1986); *Roe v. Baker*, 316 F.3d 557, 571 (6th Cir.2002). . . . [C]laims challenging state collateral post-conviction proceedings "cannot be brought under the federal habeas corpus provision, 28 U.S.C. § 2254," because " 'the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody.' " *Kirby*, 794 F.2d at 246 (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)); *see also Pennsylvania v. Finley*, 481 U.S. 551, 557, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) ("States have no obligation to provide this avenue of relief, and when they do, the fundamental fairness mandated by the Due Process Clause does not require that the State supply a lawyer as well." (citation omitted)). A due process claim related to collateral post-conviction proceedings, even if resolved in a petitioner's favor, would not "result [in] . . . release or a reduction in . . . time to be served or in any other way affect his detention because we would not be reviewing any matter directly pertaining to his detention." *Kirby*, 794 F.2d at 247. "Though the ultimate goal in" a case alleging post-conviction error "is release from confinement, the result of habeas review of the specific issue[ ] ... is not in any way related to the confinement." *Id.* at 248. Accordingly, we have held repeatedly that "the scope of the writ [does not] reach this second tier of complaints about deficiencies in state post-conviction proceedings," noting that "the writ is not the proper means" to challenge "collateral matters" as opposed to "the underlying state conviction giving rise to the prisoner's incarceration." *Id.* at 248, 247; *see also Alley v. Bell*, 307 F.3d 380, 387 (6th Cir.2002) ("error committed during state post-conviction proceedings can not [sic] provide a basis for federal habeas relief" (citing *Kirby*, 794 F.2d at 247)); *Greer v. Mitchell*, 264 F.3d 663, 681 (6th Cir.2001) ("habeas corpus cannot be used to mount challenges to a state's scheme of post-conviction relief").

*Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir.2007). Thus, the trial court's failure to hold an evidentiary hearing, even if erroneous under state law, does not entitle petitioner to habeas relief. *See Chaussard v. Fulcomer*, 816 F.2d 925, 932 (3d Cir. 1987); *Edwards v. State of Kansas*, 751 F. Supp. 197, 199 (D. Kan. 1990).

      2.    *Evidentiary Hearing in this Court*

To the extent petitioner contends he is entitled to an evidentiary hearing in this Court, his argument is without merit. In addressing whether an evidentiary hearing is appropriate in a habeas corpus case, a court must consider two separate issues: (1) is an evidentiary hearing necessary under Rule 8 of the Rules Governing Section 2254 Proceedings in United States District Courts, 28 U.S.C.

foll. § 2254; and (2) is a hearing permitted under 28 U.S.C. § 2254(e)(2).  Even assuming that a hearing would be permitted here under § 2254(e)(2), petitioner cannot show that an evidentiary hearing is necessary under Rule 8.  In deciding whether an evidentiary hearing is necessary under Rule 8, "courts focus on whether a new evidentiary hearing would be meaningful, in that a new hearing would have the potential to advance the petitioner's claim." *Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir. 2000) (discussing *Cardwell v. Greene*, 152 F.3d 331, 338 (4th Cir. 1998)); *see also*, *Alcorn v. Smith*, 781 F.2d 58, 59-60 (6th Cir. 1986) (applying pre-AEDPA law); *cf. Townsend v. Sain*, 372 U.S. 293, 312-13 (1963).  As the Supreme Court has explained:

> In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief. Because the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate.
>
> It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.

*Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (citations and footnote omitted).  Here, petitioner cannot show that an evidentiary hearing is necessary.  As explained above, petitioner's affidavits in support of his claim that counsel misadvised him regarding the terms of the plea deal are insufficient to overcome the statements he made under oath at the plea colloquy.  And even if counsel did misadvise petitioner, the trial court corrected any erroneous advice by clearly explaining the terms of the plea agreement and obtaining petitioner's knowing assent to the agreement.  With respect to petitioner's claim regarding counsel's failure to investigate, as explained above petitioner has provided no indication of any specific evidence which an evidentiary hearing could develop.  Speculative allegations are insufficient to entitle a petitioner to an evidentiary hearing.  *See Getsy*

28

*v. Mitchell*, 495 F.3d 295, 312 (6th Cir. 2007); *Young v. Herring*, 938 F.2d 543, 560 & n.12 (5th Cir. 1991). Petitioner's "'bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring . . . an evidentiary hearing.'" *Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (quoting *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001)).

Moreover, an evidentiary hearing would not have the potential to advance petitioner's claims because any evidence developed at a hearing could not provide a basis for habeas relief. As explained above, the state courts adjudicated each claim on the merits in a decision entitled to deference under 28 U.S.C. § 2254(d)(1). In *Cullen v. Pinholster*, 131 S. Ct. 1388, the Supreme Court held that where habeas claims have been decided on their merits in state court, a federal court's review under 28 U.S.C. section 2254(d)(1)–whether the state court determination was contrary to or an unreasonable application of established federal law–must be confined to the record that was before the state court. *See Pinholster*, 131 S. Ct. at 1398. The *Pinholster* Court specifically found that the district court should not have held an evidentiary hearing regarding Pinholster's claims until after the Court determined that the petition survived review under § 2254(d)(1). *See id*. Thus, even if this Court granted an evidentiary hearing, because each of petitioner's claims was adjudicated on the merits by the state courts the Court would have to "disregard [any] newly obtained evidence." *Hanna v. Ishee*, 694 F.3d 596, 606 (6th Cir. 2012). Thus, in light of *Pinholster*, an evidentiary hearing is not appropriate. *See King v. Booker*, No. 2:11-CV-13676, 2012 WL 3597655, at *1 (E.D. Mich. Aug. 21, 2012) (Roberts, J.). Accordingly, the Courts should conclude that petitioner is not entitled to an evidentiary hearing.

H.     *Petitioner's Motion for Bond*

On June 19, 2014, petitioner filed a motion for release on bond pending the disposition of

his habeas corpus petition.  The Court should deny this motion.

"It is recognized that a federal district court has inherent authority to release an inmate on bail or surety pending the court's decision on a petition for writ of habeas corpus." *Johnson v. Nelson*, 877 F. Supp. 569, 570 (D. Kan. 1995) (citing cases).  *But cf. In re Roe*, 257 F.3d 1077, 1079 (9th Cir. 2001) (recognizing split in authority as to whether habeas court may order release on bond pending the district court's resolution of the petition).  However, because a habeas petition challenges a valid, final state court judgment, principles of federalism and comity require a federal habeas court to tread lightly before interfering with a state's execution of a valid sentence by ordering release on bond.  *See Rado v. Meachum*, 699 F. Supp. 25, 26 (D. Conn. 1988); *cf. Cherek v. United States*, 767 F.2d 335, 337-38 (7th Cir. 1985) ("A defendant whose conviction has been affirmed on appeal . . . is unlikely to have been convicted unjustly; hence the case for bail pending resolution of his postconviction proceeding is even weaker than the case for bail pending appeal. And the interest in the finality of criminal proceedings is poorly served by deferring execution of sentence till long after the defendant has been convicted.").  Thus, a district court's power to order release pending disposition of an application for habeas relief is "limited" and properly exercised in "special cases only." *Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001).  In order to be entitled to release pending disposition, a habeas petitioner must make two showings.  First, he must show that his petition raises substantial constitutional questions on which he is likely to prevail.  Second, he must show that "extraordinary or exceptional circumstances exist which either warrant the requested relief or require release to make the writ of habeas corpus an effective remedy." *Johnson*, 877 F. Supp. at 570; *accord Mapp*, 241 F.3d at 226; *Gomez v. United States*, 899 F.2d 1124, 1125 (11th

Cir. 1990); *Martin v. Solem*, 801 F.2d 324, 329 (8th Cir. 1986).[3]

Here, for the reasons explained above, petitioner has not shown a substantial probability of success on the merits of his claims. Further, he has failed to demonstrate any special circumstances justifying the extraordinary relief of release on bond. In order to make this showing, petitioner must demonstrate that his case is "distinguishable from other habeas cases." *Rado*, 699 F. Supp. at 26. The situations in which extraordinary circumstances will be found "seem to be limited to situations involving poor health or the impending completion of the prisoner's sentence." *Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992). Petitioner's claim of constitutional error in his trial does not present an extraordinary circumstance, as "there is nothing unusual about a claim of unlawful confinement in a habeas proceeding." *Martin*, 801 F.2d at 330. Nor does petitioner's claim that he is actually innocent amount to an extraordinary circumstance; a habeas petitioner "comes before the court with a strong–and in the vast majority of cases conclusive–presumption of guilt." *Schlup v. Delo*, 513 U.S. 298, 326 n.42 (1995). In short, petitioner has "made no showing of a medical emergency or any other special circumstance" justifying release on bond. *Martin*, 801 F.2d at 330. Thus, he is not entitled to be released on bond pending the Court's disposition of his application for the writ of habeas corpus. *See Roe*, 257 F.3d at 1080-81 (petitioner not entitled to release on bond despite failing health, the seriousness of the allegations in the petition, petitioner having a place to reside, and codefendant's statement that petitioner was not involved in the crime); *Landano*, 970 F.2d at 1240-41 (petitioner not entitled to release on bond despite making strong showing of actual

---

[3]A separate set of standards applies when bond is sought after the district court has adjudicated the petition, either granting or denying relief on the merits. *See Hilton v. Braunskill*, 481 U.S. 770 (1987); FED. R. APP. P. 23(b), (c). These separate standards are inapplicable where, as here, a petitioner seeks bond prior to the district court's adjudication of the petition. *See United States v. Stewart*, 127 F. Supp. 2d 670, 672 (E.D. Pa. 2001).

innocence, lack of state court provisions for bond during post-conviction proceedings, and no risk of flight).

I.   *Recommendation Regarding Certificate of Appealability*

   1.   *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability.   *See* 28 U.S.C. § 2253(c)(1).   The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000).   Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue.   Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84.   Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of

32

probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments. In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

2.    *Analysis*

If the Court accepts my recommendation regarding the merits of petitioner's claims, the Court should also conclude that petitioner is not entitled to a certificate of appealability. As explained above, the record of the plea proceeding clearly shows that petitioner voluntarily and knowingly entered his plea, that his plea was not illusory, and that petitioner understood the charge to which he was pleading guilty. Thus, the resolution of petitioner's plea validity and related ineffective assistance claims is not reasonably debatable. Because petitioner's plea withdrawal and denial of an evidentiary hearing claims are not cognizable on habeas review, the resolution of these claims is not reasonably debatable. Further, petitioner has failed to point to any exculpatory

evidence that further investigation could have uncovered, and thus the resolution of petitioner's ineffective assistance claim based on counsel's failure to investigate is not reasonably debatable. Finally, because the resolution of petitioner's underlying claims is not reasonably debatable, it follows that the resolution of petitioner's ineffective assistance of appellate counsel claim based on the failure to raise these claims likewise is not reasonably debatable. Accordingly, the Court should deny petitioner a certificate of appealability.

J.      *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law. Accordingly, the Court should deny petitioner's application for the writ of habeas corpus. If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability. Finally, the Court should deny petitioner's motion for bond.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local*

34

*231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: June 25, 2014                                s/Paul J. Komives_____
                                                    PAUL J. KOMIVES
                                                    UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on June 25, 2014,
electronically and/or by U.S. mail.

                                                    s/Michael Williams_____
                                                    Case Manager for the
                                                    Honorable Paul J. Komives